UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: RICHARD JEROME JARAMILLO, No. 23-11100-j13

Debtor.

**MEMORANDUM OPINION**

The Chapter 13 Trustee and the Bank[1] seek dismissal of debtor Richard Jaramillo's (the "Debtor") chapter 13 bankruptcy case pursuant to § 109(g) of the Bankruptcy Code.[2] They assert that within the 180 days preceding this case, the Debtor had a previous bankruptcy case dismissed by the court for "willful failure of the debtor . . . to appear before the court in proper prosecution of the case." They argue that this standard is satisfied because the Debtor failed to attend two hearings in the prior case: (1) the hearing on a motion to dismiss the case, after the Debtor filed an objection to the motion, and (2) the hearing on the Debtor's motion to reconsider the order dismissing the prior case. The Debtor argues that he was justified in not attending the hearings because he anticipated that he would lose on both motions. The Court determines that the Debtor's conduct constituted willful failure to appear before the Court in proper prosecution of his prior bankruptcy case and will therefore dismiss this bankruptcy case.

PROCEDURAL HISTORY

On June 6, 2024, the Chapter 13 Trustee filed *Chapter 13 Trustee's Motion to Dismiss Pursuant to 11 U.S.C. § 109(g)(1)* (the "Trustee's Motion" – Doc. 95). The next day the Bank filed its motion to dismiss this bankruptcy case pursuant to § 109(g)(1) (the "Bank's Motion" – Doc. 98). The Trustee's Motion and the Bank's Motion together are the "Motions," and the

---

[1] The "Bank" is The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for First Horizon Alternative Mortgage Securities Trust 2004-AA7 Mortgage Pass-Through Certificates, Series 2004-AA7.

[2] The "Bankruptcy Code" is title 11 of the United States Code. References to "section" and "§" are to sections of the Bankruptcy Code unless otherwise specified.

Chapter 13 Trustee and the Bank together are the "Movants." The Debtor filed objections to both Motions (Docs. 100 & 102).

The Court held a final evidentiary hearing on the Motions on July 12, 2024 (the "Final Hearing"). At the Final Hearing, in addition to taking the Motions under advisement, the Court took under advisement whether to admit into evidence the Debtor's testimony as to his belief that the presiding judge in the Prior Case (as defined below) should have recused himself from the case.

In addition to the Motions filed by the Chapter 13 Trustee and the Bank, the U.S. Trustee filed a motion to dismiss this bankruptcy case pursuant to § 1307(c) due to the Debtor's alleged inability to confirm a chapter 13 plan (Doc. 44).

## FINDINGS OF FACT[3]

The Court makes the following findings of fact.

1. On May 9, 2023, the Debtor filed a chapter 13 bankruptcy case before the United States Bankruptcy Court for the District of New Mexico, assigned Case No. 23-10376 (the "Prior Case").

2. The Chapter 13 Trustee filed a motion to dismiss the Prior Case on August 10, 2023 (the "Motion to Dismiss Prior Case" – Doc. 44 in the Prior Case), stating as the ground for dismissal that the Debtor had "failed to cooperate with the Trustee and/or provide the Trustee with requested financial documents and information pursuant to § 521(a)(3) and (4)."

3. The Debtor was aware of the Motion to Dismiss Prior Case and filed an *Objection to Chapter 13 Trustee's Motion to Dismiss* (Doc. 49 in the Prior Case). The grounds asserted in

---

[3] At the final hearing, without objection, the Court took judicial notice of (1) the docket and documents on the docket in this bankruptcy case, Case No. 23-11100, (2) the docket and documents on the docket in the Debtor's prior bankruptcy case, Case No. 23-10376, and (3) the Bank's proof of claim and the attachments to its proof of claim in this bankruptcy case.

support of the objection consisted of: complications in the Debtor's ability to obtain information he needed to file his 2023 tax return and 2021 amended tax return; a personal injury he suffered that delayed his finalizing his 2022 tax return; his intent to provide the Chapter 13 Trustee with tax returns by October 15, 2023; and his having shown good cause or excusable neglect in support of an extension of the time for him to provide tax returns to the Chapter 13 Trustee.

4. The Court set a preliminary hearing on the Motion to Dismiss Prior Case on October 3, 2023 (the "Prior Case Dismissal Hearing") and issued notice of the hearing. Doc. 50 in the Prior Case. The Debtor was aware of the Prior Case Dismissal Hearing but did not appear at the hearing. The Court entered an *Order of Dismissal* on October 3, 2023 dismissing the Prior Case based upon the Debtor's failure to appear at the hearing. Doc. 56 in the Prior Case.

5. Following the dismissal of the Prior Case, the Debtor filed a motion to set aside the dismissal of the Prior Case and for an extension of time to provide financial documents to the Chapter 13 Trustee, and for other relief (the "Motion to Reconsider" – Doc. 60 in the Prior Case). The grounds the Debtor asserted in support of the Motion to Reconsider included among other grounds: (a) the Debtor experienced a trauma from an accident that caused mobility issues and severe pain, (b) the Debtor's son underwent surgery followed by post-surgery complications, (c) complications in the Debtor obtaining financial information, (d) grounds for disputing the standing and the claim of the Bank, and (e) his having shown good cause or excusable neglect in support of an extension of the time for him to provide tax returns to the Chapter 13 Trustee.

6. The Chapter 13 Trustee and the Bank each filed an objection to the Motion to Reconsider (Docs. 70 & 71 in the Prior Case), and the Court set a preliminary hearing on the Motion to Reconsider on November 7, 2023 (the "Reconsideration Hearing"). *See* Notice of Preliminary Hearing, Doc. 63 in the Prior Case. The Court held the hearing on the Motion to

Reconsider. The Debtor was aware of the Reconsideration Hearing but did not appear. On November 8, 2023, the Court entered a *Default Order Denying Motion* in which the Court denied the Motion to Reconsider. Doc. 72 in the Prior Case.

7. The Debtor did not file a motion to recuse the judge in the Prior Case.

8. The Debtor filed his objections to the Motion to Dismiss Prior Case and the Motion to Reconsider in order to gain additional time to provide the requested documents and information to the Chapter 13 Trustee. The Debtor was aware of the Prior Case Dismissal Hearing and the Reconsideration Hearing and had the capability to appear at the hearings, including by telephone. The Debtor did not appear at the Prior Case Dismissal Hearing and the Reconsideration Hearing solely because he was unable to provide the requested documents and information by the time of the hearings, and he believed that he would lose the matters being heard. The Debtor had no other reason for not appearing at the hearings. The Debtor admitted to all the facts in this paragraph.

9. The Debtor's conduct in missing the Prior Case Dismissal Hearing on the motion to dismiss his chapter 13 bankruptcy case and then missing the Reconsideration Hearing on his own Motion to Reconsider dismissal of his bankruptcy case, followed by his filing another chapter 13 case, was a deliberate and intentional strategy to buy time to provide financial information to the Chapter 13 Trustee without obtaining an extension of time from the court.

10. Sixty-three days after entry of the order dismissing the Prior Case, and less than a month after entry of the order denying the Motion to Reconsider, on December 5, 2023 the Debtor filed the chapter 13 bankruptcy case now pending before the Court (Case No. 23-11100).

DISCUSSION

As a preliminary matter, the Court will address the Debtor's argument that the Bank lacks standing to file its motion to dismiss under § 109(g)(1). The Court need not decide that issue because the Chapter 13 Trustee, who undisputedly does have standing, filed her own motion to dismiss under § 109(g)(1) based on the same grounds as the Bank's Motion. The Court will refer to both Movants in this Discussion section since they made the same legal arguments.

Turning to the merits, there are requirements for an individual to be eligible to be a debtor in a bankruptcy case. The Chapter 13 Trustee and the Bank assert that the Debtor is ineligible to be a debtor in this bankruptcy case based on § 109(g)(1), which provides:

> (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
>> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case[.]

The Movants assert that the Debtor's Prior Case was dismissed based on his failure to appear before the Court in proper prosecution of the case. They argue that such failure need not be willful in order for the Debtor to be ineligible under § 109(g)(1), but alternatively that the Debtor's failure was willful in the Prior Case. For the reasons stated below, the Court determines that under § 109(g)(1) the Debtor is ineligible to be a debtor in this bankruptcy case because he willfully failed to appear before the Court in proper prosecution of his Prior Case, which was pending within 180 days preceding the commencement of this case.

A determination whether a debtor is ineligible under § 109(g)(1) to be a debtor in a bankruptcy case is one the Court takes seriously:

> Because the effect of § 109(g) is to deprive a debtor of the right to relief under the Bankruptcy Code for 180 days, "[t]he denial of eligibility should not be lightly or routinely imposed on the debtor without evidence that the debtor knowingly and

intentionally disobeyed an order of court or knowingly and intentionally failed to appear in prosecution of the case."

*In re Herrera*, 194 B.R. 178, 188 (Bankr. N.D. Ill. 1996) (quoting *In re Surace,* 52 B.R. 868, 871 (Bankr. C.D. Cal. 1985)).[4]

Courts are split on whether the debtor bears the burden of proof to establish that he is eligible under § 109(g)(1), or the moving party bears the burden of proof to establish that the debtor is *not* eligible.[5] The Court's findings and determination in this case would be the same regardless of who bears the burden of proof.

In this case, there is no question that the Prior Case was pending within 180 days preceding the commencement of this case. The difference between the dismissal date of the Prior Case and the filing date of this case is 63 days. The Court therefore considers the other ineligibility aspects of § 109(g)(1) below.

(1) *Whether the Debtor failed to appear before the Court for purposes of § 109(g)(1)*

While some courts expand the definition of appearance before the court in proper prosecution of the case for purposes of § 109(g)(1) beyond appearance before the court at

---

[4] *See also In re Frieouf*, 938 F.2d 1099, 1103-04 (10th Cir. 1991) ("Depriving a debtor of access to the courts for 180 days is in itself a harsh remedy[.]"); *In re Rose*, No. 19-30095, 2019 WL 2426287, at *1 (Bankr. S.D.W. Va. June 6, 2019) ("This 180-day filing ban is 'an extraordinary remedy for perceived abuses of the [Bankruptcy] Code.'" (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473 (4th Cir. 2015))); *In re Faulkner*, 187 B.R. 1019, 1023 (Bankr. S.D. Ga. 1995) ("In order for a court to find that section 109(g)(1) applies to bar future filings, a court must find that the actions of the debtor in the previous case support a dismissal with prejudice. . . . 'Dismissal with prejudice is a severe sanction to which the courts should resort only infrequently.'" (quoting *Hall v. Vance,* 887 F.2d 1041, 1045 (10th Cir. 1989))).

[5] Compare *Montgomery v. Ryan (In re Montgomery)*, 37 F.3d 413, 415-16 (8th Cir. 1994) (providing that "[t]he burden of establishing eligibility in bankruptcy lies with the party filing the bankruptcy petition" and requiring the debtor to show under § 109(g)(1) that conduct was not willful) *with In re Bryant*, 649 B.R. 342, 350-51 (Bankr. S.D. Ga. 2023) (providing that "[t]he party seeking dismissal under § 109(g)(1) has the burden of proving the debtor's willfulness").

hearings,[6] in this case the conduct at issue is failure to appear before the Court at two hearings in the Prior Case. A debtor defending a motion to dismiss the bankruptcy case is part of the debtor's proper prosecution of a case. *See Bunyan v. Remick*, No. 18-cv-1519, 2019 WL 4805428, at *6 (M.D. Fla. Oct. 1, 2019) (affirming dismissal under § 109(g)(1) where, among other things, the debtor failed to appear at the hearing on a motion to dismiss the case).

(2) *Does § 109(g)(1) require that failure to appear before the court be willful?*

The Movants assert that a debtor's failure to appear for purposes of § 109(g)(1) need not be willful—*i.e.*, that a debtor's inadvertent failure to appear before the court in proper prosecution of the case would still render a debtor ineligible. The Court rejects that construction of § 109(g)(1) and concludes that failure to appear before the court in proper prosecution of the case must be a willful failure to appear in order to serve as the basis for ineligibility to be a debtor under title 11.

Section 109(g)(1) provides that a party is ineligible to be a debtor in bankruptcy if a previous case pending within 180 days "was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case." The overwhelming majority of cases hold that the failure to appear before the court in proper prosecution of the case must be a willful failure in order to serve as the basis for ineligibility to be a debtor under title 11.[7] The word "willful" is only mentioned once in

---

[6] *E.g., In re Wen Hua Xu*, 386 B.R. 451, 457 (Bankr. S.D.N.Y. 2008) (holding that "proper prosecution" of the case for purposes of § 109(g)(1) encompasses the statutory duties of a debtor, including attendance at § 341 meetings and accurate disclosure of assets and liabilities on the schedules); *Grier v. U.S. Bank Trust*, No. 22-cv-1234, 2023 WL 4359476, at *4 (N.D. Ga. May 24, 2023) (noting that serial filing of bankruptcy cases which are dismissed due to being unfunded may constitute failure to prosecute the case under § 109(g)(1)), *appeal dismissed sub nom. Grier v. U.S. Bank Trust (In re Grier)*, No. 23-12087, 2023 WL 6213490 (11th Cir. Sept. 5, 2023).

[7] *E.g., Bryant*, 649 B.R. at 349 (requiring that failure to appear before the court for purposes of § 109(g)(1) be willful); *Wen Hua Xu*, 386 B.R. at 457 (same); *In re Herrera*, 194 B.R. 178, 188-89

§ 109(g)(1) and is used as a modifier to modify the word "failure": a debtor is ineligible if the previous case pending within the 180 days "was dismissed by the court for *willful failure* of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case" (emphasis added). The word "failure" must be carried forward to apply to appearing before the court to make that part of the sentence meaningful, and there is no basis for carrying forward "failure" without carrying forward its modifier.

(3) *Whether the Debtor's failure to appear was willful*

Generally, courts have held "willful" in the context of § 109(g)(1) means "deliberate or intentional."[8] Actions that are "accidental" or "beyond the debtor's control" are not willful. *In re Wen Hua Xu*, 386 B.R. 451, 455 (Bankr. S.D.N.Y. 2008).[9] "In defense of a motion to dismiss pursuant to section 109(g)(1), debtors must be permitted to present evidence that indicates that their failure to prosecute the case was not deliberate or intentional." *In re Mullinix*, 597 B.R. 161, 164 (Bankr. N.D. Fla. 2018). The bankruptcy court in *In re Arena* set forth three bases by which a determination of willfulness could be made: "(1) the debtor's admission of willful conduct; (2) the debtor's lack of credibility in denying willful conduct; or (3) adverse inferences drawn

---

(Bankr. N.D. Ill. 1996) (same); *In re Arena*, 81 B.R. 851, 855 (Bankr. E.D. Pa. 1988) (requiring that failure to appear be willful and citing cases).

[8] *E.g., Grier*, 2023 WL 4359476, at *4; *Bunyan v. Remick*, No. 18-cv-1519, 2019 WL 4805428, at *4 (M.D. Fla. Oct. 1, 2019); *In re Rose*, No. 19-30095, 2019 WL 2426287, at *1 (Bankr. S.D.W. Va. June 6, 2019); *In re Mullinix*, 597 B.R. 161, 163 (Bankr. N.D. Fla. 2018); *Denisar v. Payne*, No. 12-cv-90, 2013 WL 300903, at *4 (W.D. Va. Jan. 25, 2013); *Walker v. Stanley*, 231 B.R. 343, 347-48 (N.D. Cal. 1999); *Herrera*, 194 B.R. at 188; *see also In re Lami*, No. 02-36595, 2003 WL 262484, at *2 (Bankr. E.D. Pa. Jan. 2, 2003) (providing that "willful" means "intentional, knowing and voluntary as opposed to accidental or beyond the person's control"); *In re Nix*, 217 B.R. 237, 238-39 (Bankr. W.D. Tenn. 1998) (providing that "willful" means "deliberate, intentional disregard, or plain indifference" (internal quotation marks omitted)).

[9] *See also Dos Anjos v. Bank of America (In re Dos Anjos)*, 482 B.R. 697, 703 (Bankr. D. Mass. 2012) ("[T]he debtor's conduct must have been deliberate and intentional, as opposed to accidental or negligent.").

from the circumstances that indicate that repeated filings were intended as an abuse of the Bankruptcy Code." *Mullinix*, 597 B.R.at 164 (citing *In re Arena*, 81 B.R. 851, 853 (Bankr. E.D. Pa. 1988)).[10] While missing a single hearing or meeting of creditors alone may be insufficient to infer willfulness, *In re Rose*, No. 19-30095, 2019 WL 2426287, at *1 (Bankr. S.D.W. Va. June 6, 2019), "[r]epeated conduct . . . can support an inference that the conduct was deliberate." *In re Bryant*, 649 B.R. 342, 351 (Bankr. S.D. Ga. 2023) (emphasis omitted).

In this case, the Debtor admitted that he was aware of both the Prior Case Dismissal Hearing and the Reconsideration Hearing. The Debtor also admitted that only reason he did not appear at the two hearings is because he anticipated that he was going to lose, notwithstanding his assertion in the Motion to Reconsider that his nonappearance at the Prior Case Dismissal Hearing was based on his having experienced a trauma from an accident that caused mobility issues and severe pain and his son's surgery. The Debtor's conduct in missing the Prior Case Dismissal Hearing on the motion to dismiss his chapter 13 bankruptcy case and then missing the Reconsideration Hearing on his own motion to reconsider the dismissal, followed by his filing another chapter 13 case within a month after denial of his Motion to Reconsider, was a deliberate and intentional strategy for the Debtor to buy time to provide financial information to the Chapter 13 Trustee without obtaining an extension of time from the Court. That constitutes a willful failure to appear before the Court in proper prosecution of the Prior Case.

Courts apparently have not considered whether a "willful failure" for purposes of § 109(g)(1) requires that a debtor's conduct, even if deliberate and intentional, was without a sufficient justification or excuse. The Court need not consider that question. Debtor's failure to

---

[10] *See also Bunyan v. Remick*, 2019 WL 4805428, at *5 (citing the three bases from *Arena*); *Lami*, 2003 WL 262484, at *2 (same).

appear at the two hearings because he anticipated the Court would rule against him is not a sufficient justification or excuse.[11]

The Court will deny admission into evidence of the Debtor's testimony that he believed the judge in the Prior Case should have recused himself. The Debtor argued that such belief is relevant because it was part of his basis for anticipating that he was going to lose at the Prior Case Dismissal Hearing and the Reconsideration Hearing. However, if a party believes that a judge is biased and should recuse, the recourse is to file a motion to recuse not to simply fail to appear at hearings in the case. Such belief does not justify the Debtor's failure to attend hearings, and therefore the Debtor's testimony as to his holding such belief will be excluded from evidence as irrelevant.

For these reasons, the Court concludes that the Debtor's failure to appear at the Prior Case Dismissal Hearing and the Reconsideration Hearing constitutes a willful failure to appear before the Court in proper prosecution of the Prior Case under § 109(g)(1).

## CONCLUSION

The Debtor willfully failed to appear before the Court in proper prosecution of the Prior Case, which was pending within 180 days of the instant bankruptcy case. The Court therefore will grant the Chapter 13 Trustee's motion and dismiss this bankruptcy case pursuant to § 109(g)(1). Since the Bank's Motion seeks identical relief, the Bank's Motion is moot and the Court need not address the Bank's standing. The Court notes that even if it did not dismiss this case pursuant to § 109(g)(1), there is another motion to dismiss the case by the U.S. Trustee

---

[11] The Debtor argued that his failure to provide the required documents in the Prior Case was due at least in part to the difficulty he had in obtaining the documents from a third party; perhaps if he had appeared at either the Prior Case Dismissal Hearing or the Reconsideration Hearing, the Chapter 13 Trustee and the Court would have worked with him if he had made diligent efforts to obtain the documents, and the case would not have been dismissed.

based on the Debtor's alleged inability to confirm a chapter 13 plan. The Court's decision renders that motion moot as well.

      A separate order will issue.

                                                                            */s/ Robert H. Jacobvitz*
                                                                        ROBERT H. JACOBVITZ
                                                                        United States Bankruptcy Judge

Date entered on docket: September 16, 2024

COPY TO:

<u>Debtor</u>
Richard Jerome Jaramillo
215 Calle Roble
Santa Fe, NM 87501

<u>Chapter 13 Trustee</u>
Tiffany M. Cornejo
625 Silver Avenue SW, Suite 350
Albuquerque, NM 87102-3111

<u>Attorney for The Bank of</u>
<u>New York Mellon, as Trustee</u>
Kristin E. McDonald
McCarthy & Holthus, LLP
8502 E. Via De Ventura, Suite 200
Scottsdale, AZ 85258